

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. A. J. Bryan, Jr.
District Attorney
Hillsboro, Texas

Attention: Mr. William B. Martin

Dear Sir:

<div style="margin-left:40%">

Opinion No. O-1605
Re: Has the commissioners court
of Hill County power and auth-
ority to reduce the annual sal-
ary of the official court re-
porter of the 66th Judicial
District below $2700 provided
for in Article 2327a?

</div>

Your request for an opinion on the above stated
question has been received by this department.

We are informed by the Comptroller's Office and
by your letter that Hill County composes the 66th Judicial
District, there being only one county in the District, and
the one court in the county.

Article 2327a, Vernon's Civil Statutes, reads as
follows:

"In each Judicial District of this State com-
posed of one county only, and in which county there
is only one district court, and also in each Judi-
cial District composed of two (2) or more counties,
and also in each Judicial District composed of one
county, which county composes also a portion of
another Judicial District, the salary of the offi-
cial court reporter shall be Twenty-seven Hundred
Dollars ($2,700.00) per annum, in addition to the
compensation for transcript fees and allowances for
expenses now provided by law; said salary to be paid
monthly by the commissioners court of the county or
counties, out of the General Fund of the county or
counties, upon the certificate of the District Judge;

provided that in any Judicial District composed of two (2) or more counties said salary shall be paid by such counties of the district in proportion to the number of weeks provided by law for holding court in the respective counties of the district; and provided that in a district wherein in any county the term may continue until the business is disposed of, each county shall pay in proportion to the time court is actually held in such county; provided, however, that in Hays County, Texas, the court reporter shall be paid out of the Jury Fund of said county upon the certificate of the judge of the district court of said county.

"Provided further that nothing in this Act shall be construed as in any way repealing Article 2323 of the Revised Civil Statutes of 1925, nor Chapter 56 of the General Laws of the Regular Session of the 41st Legislature, 1929, nor shall this Act in any repeal or amend any local or special laws passed at the Regular or First and Second Called Sessions of the 41st Legislature of 1929."

Article 2323 of the Revised Civil Statutes of 1925, referred to in Article 2327a, supra, reads as follows:

"In case of illness, press of official work, or unavoidable disability of the official shorthand reporter to perform his duties in reporting proceedings in court, the Judge of the court may, in his discretion, authorize a deputy shorthand reporter to act during the absence of said official shorthand reporter, and said deputy shorthand reporter shall receive, during the time he acts for said official shorthand reporter, the same salary and fees as the official shorthand reporter of said court, to be paid in the manner provided for the official shorthand reporter; but the said official shorthand reporter shall also receive his salary in full during the temporary disability to act. The necessity for a deputy official shorthand reporter shall be left entirely within the discretion of the judge of the court."

Chapter 56 of the General Laws of the Regular Session of the 41st Legislature, 1929, is Article 2326a, Vernon's Civil Statutes, and provides for expenses of all official shorthand

reporters and deputy official shorthand reporters of the district courts of this State and prescribes the manner of payment.

Article 6824, Vernon's Civil Statutes, reads as follows:

"The salaries of officers shall not be increased nor diminished during the term of office of the officers entitled thereto, provided, however, that the members of the Legislature, by a majority vote, may at any time set their salaries at any amount within the constitutional limit."

We are informed by the Comptroller's Office that Hill County has a population of 43,036 inhabitants according to the last Federal Census, and that the county officials are compensated on a salary basis.

Section 13 of Article 3912e, Vernon's Civil Statutes, reads in part as follows:

"Sec. 13. Commissioners court in counties having a population of twenty-thousand (20,000) inhabitants or more, and less than one hundred and ninety thousand (190,000) inhabitants according to the last preceding Federal Census, is hereby authorized and it shall be its duty to fix the salaries of all the following named officers, towit: Sheriff, Assessor and Collector of Taxes, County Judge, County Attorney, including Criminal District attorneys and County attorneys who perform the duties of District attorneys, District Clerk, County Clerk, Treasurer, Hide and Animal Inspector. Each of said officers shall be paid money in annual salary in twelve (12) equal installments of not less than the total sum earned as compensation by him in his official capacity for the fiscal year 1935, and not more than the maximum amount allowed such officer under laws existing on August 24, 1935. ..."

Under Section 13 of Article 3912e, supra, the commissioners court in counties having a population of more than twenty thousand inhabitants and less than one hundred and ninety thousand inhabitants, has no right or authority to fix the salary of the official court reporter. The salary of the official court reporter where one county composes a

Hon. A. J. Bryan, Page 4

Judicial District and is the only District Court in the county, is specifically set by statute.

You are respectfully advised that it is the opinion of this department that the commissioners court of Hill County does not have the power or legal authority to reduce the annual salary of the official court reporter of the 66th Judicial District or change such salary in any manner.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:pbp

APPROVED NOV 10, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY *Bob*
CHAIRMAN